FRISCIA & ASSOCIATES, LLC
Attorneys for the Plaintiff
17 Academy Street
Penthouse
Newark, New Jersey 07102
Tel.: (973) 500-8024
Fax: (888) 809-3747

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Tanya Beals, on behalf of herself and all other persons similarly situated<br><br>**PLAINTIFF,**<br><br>VS.<br><br>Bank of America, N.A, BAC Home Loans Servicing, L.P., a wholly owned subsidiary of Bank of America, N.A., LaSalle Bank, N.A., John Does 1-10<br><br>**DEFENDANTS.** | CIVIL ACTION No:<br><br>CLASS ACTION COMPLAINT AND JURY DEMAND |

**COMES NOW** the Plaintiff, Tanya Beals, on behalf of herself and for all other persons similarly situated, and for her original Class Action Complaint against the Defendants, Bank of America, N.A., ("BOA"), BAC Home Loans Servicing, L.P. ("BAC"), LaSalle Bank, N.A., John Does 1-10, (hereinafter collectively the "Defendants") hereby says:

1

## INTRODUCTION

1. In this Class Action Complaint, Plaintiff(s) seek, *inter alia*, the injunction of various foreclosure and eviction proceedings for themselves and others similarly situated, based on Defendants' routine failure to comply with the statutory prerequisites to foreclosure. Plaintiff, and the class she seeks to represent, also seeks damages and other relief.

2. The State of New Jersey is a Judicial Foreclosure state and therefore Plaintiff and all class members entitled to the protections and requirements of the New Jersey Fair Foreclosure Act. N.J.S.A. 2A:50-56. All entities foreclosing on mortgages must strictly comply with these prerequisites as well as other basic principals of contract law and consumer protection law.

3. Until recently, there has been a presumption of competency afforded to these foreclosure entities, allowing these foreclosure cases to move forward and ultimately end in a sheriff sale.

4. In recent months, however, many foreclosing entities, including Defendants, have demonstrated a pervasive and willful disregard of knowledge, facts, and statutes in allowing these cases to proceed.

5. The New Jersey foreclosure process has become an undisciplined and lawless rush to seize homes. Many thousands of foreclosures are plainly void under statute and settled New Jersey case law. Many borrowers never obtain statutorily required notices, and many foreclosure suits are filed entirely based on inaccurate recitations concerning ownership of the mortgage, the note, or the assignment.

6. The reckless industry-wide culture of the foreclosure entities has enabled the moving parties to aggressively litigate against borrowers without any regard for the satisfaction of the legal burdens required.

7. Moreover, this reckless industry wide attitude manifests in a complete refusal and disregard to negotiate in good faith with the borrowers. Defendants routinely make misrepresentations and misleading statements to Plaintiff in settlement discussions.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1331 and 1332(d). Plaintiff is a citizen of New Jersey, and the Plaintiff Class is comprised of citizens of New Jersey and the other states, and the Defendants are corporate citizens of several states. The amount sought exceeds $5,000,000.00.

9. At all times material hereto, the Defendants were doing business in the State of New Jersey and all or part of the transactions which gave rise to this action took place in the State of New Jersey.

10. Venue is proper in this District pursuant to 28 U.S.C. §1391 because the Defendants do business in this District, and some of the alleged misrepresentations took place in this District.

## THE PARTIES

11. Plaintiff, Tanya Beals is a natural person who resides at 312 E. 4th Avenue, Roselle, NJ 07203, a single family home.

12. Plaintiff Gerald Beals Jr. is a natural person who resides at 312 E. 4th Avenue, Roselle, NJ 07203, a single family home.

13. Plaintiff, Latoya Dickey is a natural person who resides at 352 D Shore Drive, Montague, NJ 07827, a single family home.

14. Plaintiff, Caterina Antenucci is a natural person who resides at 552 Broughton Ave, Bloomfield, NJ 07003 a single family home.

15. Plaintiff, Jose Grullon, is a natural person who resides at 39 Tennyson Pl., Passaic, NJ 07055, a single family home.

16. Plaintiff, Robert Howell, is a natural person who resides at 25 Ambler Lane, Aberdeen, NJ 07747, a single family home.

17. Plaintiff, Julienne Goldfine, is a natural person who resides at 485 Cedar Ave., West Long Branch, NJ 07764, a single family home.

18. Defendant, Bank of America, N.A. ("BOA") is a corporate entity with a business address of 100 North Tryon Street, Charlotte, N.C., 28202, through its various agents, has initiated foreclosure proceeding against the above named plaintiffs. BAC has initiated these proceedings in the State of New Jersey.

19. Defendant, BAC Home Loans Servicing, L.P. ("BAC"), a wholly owned subsidiary of BOA, is a corporate entity with a business address of 7105 Corporate Drive, Plano TX 75024. BAC, through its various agents, has initiated foreclosure proceeding against the above named plaintiffs. BAC has initiated these proceedings in the State of New Jersey.

20. Defendant, LaSalle Bank, N.A. ("LaSalle Bank") is a corporate entity with a business address of 14523 SW Milikan Way, Suite 201, Beaverton, OR 97005. through its

various agents, has initiated foreclosure proceeding against some of the above named plaintiffs. LaSalle Bank has initiated these proceedings in the State of New Jersey.

## LEGAL AND FACTUAL BACKGROUND

### Defendants Have Consistently Demonstrated a Willful Disregard for the Procedural Safeguards Entitled to All Borrowers

21. Like many states across the country, New Jersey, is facing a foreclosure crisis.

22. In the first six months of 2010, lenders have filed over 30,000 foreclosures in the state of New Jersey. *See* David Streitfeld, "Bank of America to Freeze Foreclosure Cases" in the New York Times (October 1, 2010) available at:

http://www.nytimes.com/2010/10/02/business/02mortgage.html.

23. New Jersey is one of twenty three (23) judicial foreclosure states which require the lender to file a complaint in court and adhere to the statutory guidelines prior to obtaining a sheriff's sale.

24. There has always been an unspoken presumption of competency on behalf of Defendants and others who have initiated foreclosure proceedings against borrowers in the state of New Jersey.

25. However, as these foreclosures have increased at rapid rates, Defendants and other leading lenders have initiated foreclosure proceedings on many mortgages in New Jersey without holding the necessary rights as the mortgagee or as an assignee at the time of the foreclosure.

26. This disregard for the procedural safeguards entitled to all borrowers has begun to attract attention nationwide.

27. In recent months, Defendants, among the country's largest mortgage lenders, placed a hold on foreclosures in all fifty (50) states in order to evaluate if there were errors in the court documents. See Ariana Eunjung Cha, in the Washington Post (October 1, 2010) available at *http://www.chron.com/disp/story.mpl/business/7228285.html*.

28. Defendants and other mortgage servicers are now under pressure to review much of the legal documentation submitted or relied upon in connection with these foreclosure actions after employees and contractors admitted in sworn depositions that due to the tremendous volume, they did not take the time to read loan documents, much less check for their accuracy. See Id.

29. For example, Renee Hertzler, a Bank of America executive, said in a deposition that she has signed as many as 8,000 foreclosure documents a month without reviewing them. See Id.

30. Consequently, Defendants have admitted that in all of their foreclosure cases, they, as a moving party, prosecute their claims with a complete disregard of whether they not they have met their burden.

31. Thus, Defendants have consistently, through their actions and/or inactions, acted fraudulently in initiating and continuing these foreclosure claims.

32. Said failures to adhere to the procedural requirements have directly and proximately placed Plaintiffs in imminent danger of losing their homes.

33. Said failures to adhere to the procedural have directly and proximately caused severe and irreparable damage to Plaintiffs credit scores.

34. Said failures to adhere to the procedural have directly and proximately resulted in

Plaintiffs lost wages, as they have missed work for attorney meeting and court proceedings in connection with their foreclosure actions.

### Defendants Routinely Act in Bad Faith and in Breach of Contractual Obligations During the Course of their Settlement Negotiations with Plaintiffs

35. Moreover, Defendants routinely fail to negotiate in good faith and deny the existence of binding settlement contracts negotiated during the course of a foreclosure proceeding.

36. Defendants have, on multiple occasions misled Plaintiffs after offering Plaintiffs a temporary trial loan modification.

37. In these trial modification situations, Defendants have made representations to Plaintiffs that the trial loan is a permanent loan and Plaintiffs have relied on these representations as they continued to make the modified payments following the end of the trial period.

38. Despite these assurances, Defendants have failed to adhere to their agreements as they negligently and erroneously treat Plaintiffs as in default despite Plaintiffs tendering agreed upon payments and often cashing said payments.

39. Defendants have also failed to adhere to contractual settlement agreements drafted by their own attorneys.

40. On multiple occasions, Defendants have drafted the terms of a settlement agreement thereby offering a settlement contract to Plaintiffs.

41. Following an acceptance of the contract by Plaintiffs, Defendants have denied the existence of these agreements, thereby acting fraudulently and in breach of these contracts.

42. When Plaintiffs enter into modification discussions with Defendants, they have a duty to be truthful with Plaintiffs about the consequences and circumstances of the agreement, by

virtue of its position as a fiduciary.

43. The facts that Defendants have concealed, and the misrepresentations that were made were material to the transactions at hand.

44. Said omissions and misrepresentations were made with the knowledge of their falsity, or with such utter disregard and recklessness as to whether they were true or false and with the intent of misleading Plaintiffs into relying upon them.

45. Said omissions and misrepresentations have directly and proximately placed Plaintiffs in imminent danger of losing their homes.

46. Said omissions and misrepresentations have directly and proximately caused severe and irreparable damage to Plaintiffs credit scores.

47. Said omissions and misrepresentations have directly and proximately resulted in Plaintiffs lost wages, as they have missed work for attorney meeting and court proceedings in connection with their foreclosure actions.

48. Compliance with the technical requirements of the law is essential in protecting the rights of homeowners and others with an interest in the property being foreclosed.

49. Compliance with these requirements is not onerous to the Defendants and any burdens are far outweighed by the interests of justice.

50. This willful disregard of knowledge, facts, and statutory law has caused severe distress and other damages to Plaintiffs.

## Class Action Allegations

51. Plaintiff Beals bring this suit as a class action on behalf of herself and on behalf of others similarly situated (the "Class") pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or

23(b)(3). Subject to additional information obtained through further investigation and/or discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint. Plaintiff seeks to represent the following Class:

> *All named plaintiffs who are defendants in a foreclosure action initiated by BAC and/or one of its named servicers.*

52. This action has been brought and may be properly maintained as a class action for the following reasons:

   a. The losses suffered by the Plaintiff Class members are such that prosecution of individuals actions is impractical or economically unfeasible;

   b. The form of proof required is such that prosecution of individual actions is impractical or economically unfeasible;

   c. In the absence of the class action devise, Plaintiffs would be left without a remedy for the wrongful acts alleged, and the defendants would be unjustly enriched;

   d. The prosecution of separate lawsuits by the individual members of the Plaintiffs would create risk of inconsistent adjudications with respect to individual class member, which would establish incompatible standards of conduct for the named Defendants, making concentration of the litigation concerning this matter in this court desirable;

   e. The claims of the representative Plaintiffs are typical of the claims of the Plaintiff class;

   f. No unusual difficulties are likely to be encountered in the management of this

action as a class action; and

g. The Plaintiff's class is so numerous as to make it impracticable to join all members in this action. Based upon the investigation of counsel, the number of members of the plaintiff class is estimated to be in the excess of 1000 persons.

## VIOLATIONS ALLEGED

### FIRST COUNT
(Fraud)

53. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

54. When Defendants sign foreclosure documents and when Defendants enter into modification discussions with Plaintiffs as detailed above, they have a duty to be truthful with Plaintiffs about the consequences and circumstances of the loan, by virtue of being loan officers and by virtue of its position as a fiduciary.

55. The facts that Defendants concealed, and the misrepresentations that were made were material to the transaction at hand.

56. Said omissions and misrepresentations were made with the knowledge of their falsity, or with such utter disregard and recklessness as to whether they were true or false and with the intent of misleading Plaintiffs into relying upon them.

57. The reliance of Plaintiffs on the statements and omissions that were made by Defendants are justifiable, given the circumstances, and said reliance resulted in injury to Plaintiffs, as their instant lawsuits will attest.

58. At all times, Defendants acted with a conscious, willful and malicious disregard for the rights and safety of Plaintiffs, knowing that there was a great probability that their acts would cause harm to Plaintiffs.

59. Because of the actions and omissions outlined above, Defendants has committed Fraud upon Plaintiffs.

60. Plaintiffs have suffered damages as a direct and proximate result of the actions of Defendants.

61. Further, Plaintiffs have been required to retain an attorney to assist Plaintiff in asserting Plaintiffs claims and protecting Plaintiffs rights.

## SECOND COUNT
### (Violation of the New Jersey Consumer Fraud Act codified at N.J.S.A. §§ 56.8-1, *et. seq.*(NJCFA))

62. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

63. Plaintiffs are homeowners who are defendants in foreclosure proceedings initiated by Defendants.

64. New Jersey and other states throughout the nation have enacted laws to protect consumers against unfair, deceptive or fraudulent business practices, unfair competition and false advertising. New Jersey and other states throughout the nation provide consumers with a private right of action under these statutes.

65. In violation of these statutes, Defendants have affirmatively misrepresented and knowingly concealed, suppressed and failed to disclose material facts with the intent that others rely upon such concealment and deception in connection with the negotiation of settlement/loan

modifications.

66. The conduct of Defendants, as set forth above, constitutes unfair, fraudulent and/or deceptive trade practices prohibited under the New Jersey Consumer Fraud Act and the consumer fraud act of various other states.

67. As a result of Defendant's unfair, fraudulent and/or deceptive practices, Plaintiff and members of the Class have suffered and an ascertainable loss of monies and/or property and/or value.

68. Plaintiffs have suffered damages as a direct and proximate result of the actions of Defendants.

69. Further, Plaintiffs have been required to retain an attorney to assist Plaintiff in asserting Plaintiffs claims and protecting Plaintiffs rights.

## THIRD COUNT
### (Breach of Contract)

70. Plaintiffs repeat and reallege all paragraphs above as if fully set forth herein.

71. Defendants drafted and entered into individual contracts with Plaintiffs

72. Defendants violated these contracts.

73. The actions of Defendants give rise to the claim of breach of contract.

74. Plaintiffs have suffered damages as a direct and proximate result of the actions of Defendants.

75. Further, Plaintiffs have been required to retain an attorney to assist Plaintiff in asserting Plaintiffs claims and protecting Plaintiffs rights.

## FOURTH COUNT
### (Breach of the Covenant of Good Faith and Fair Dealing)

76. Plaintiffs repeat and reallege all paragraphs above as if fully set forth herein.

77. In the failure to dutifully perform the terms of the agreements detailed above, Defendants have violated the duty of good faith and fair dealing that arises in all contracts as more fully set forth in the factual allegations above.

78. Defendants acted at all times relevant with bad motives or intentions and contrary to the reasonable expectations of the Plaintiffs.

79. The conduct of Defendants deprived Plaintiffs of the benefit of the bargain originally intended by the parties.

80. Plaintiffs relied to their detriment on misleading assertions and conduct of Defendants.

81. Plaintiffs have suffered damages as a direct and proximate result of the actions of Defendants.

82. Further, Plaintiffs have been required to retain an attorney to assist Plaintiff in asserting Plaintiffs claims and protecting Plaintiffs rights.

## FIFTH COUNT
### (BREACH OF IMPLIED CONTRACT)

83. Plaintiffs reallege and incorporate herein the above paragraphs.

84. Defendants made various oral agreements and representations to plaintiffs.

85. Defendants violated these and other oral representations.

86. The actions of defendants give rise to the claim of breach of implied contract.

87. Plaintiffs have suffered damages as a direct and proximate result of the actions of Defendants.

88. Further, Plaintiffs have been required to retain an attorney to assist Plaintiff in asserting Plaintiffs claims and protecting Plaintiffs rights.

## SIXTH COUNT
### (Quantum Meruit)

89. Plaintiffs reallege and incorporate herein the above paragraphs.

90. The actions of Defendants give rise to a violation of quantum meruit.

91. Plaintiffs have performed all conditions set forth in their agreements in good faith.

92. Defendants have accepted monies tendered by Plaintiffs and benefitted from the performance of such agreements.

93. At all times material hereto, Plaintiffs held a reasonable expectation that they would be taken out of foreclosure and reinstated in consideration of these payments.

94. By reason thereof, based upon principals of quantum meruit, Plaintiffs are entitled to the value of the payments tendered.

95. Plaintiffs have suffered damages as a direct and proximate result of the actions of Defendants.

96. Further, Plaintiffs have been required to retain an attorney to assist Plaintiff in asserting Plaintiffs claims and protecting Plaintiffs rights.

## SEVENTH COUNT
### (Violation of the New Jersey Fair Foreclosure Act)

97. Defendants seek to foreclose upon Plaintiffs mortgage which are "residential mortgages" as defined by the New Jersey Fair Foreclosure Act, N.J.S.A. 2A:50-53 *et. seq.*, and therefore Plaintiffs are entitled to the protections and requirements set forth in the Fair Foreclosure Act.

98. Defendants have failed to comply with the Fair Foreclosure Act by admittedly failing to properly execute foreclosure documents required to prosecute foreclosure claims under the act.

99. Such callous disregard for the procedural safeguards of a foreclosure proceeding has harmed Plaintiffs.

100. Plaintiffs have suffered damages as a direct and proximate result of the actions of Defendants.

101. Further, Plaintiffs have been required to retain an attorney to assist Plaintiff in asserting Plaintiffs claims and protecting Plaintiffs rights.

**WHEREFORE,** Plaintiffs seek a judgment as follows:

A. Declaratory and injunctive relief dismissing the foreclosures of Class members with prejudice;

B. Declaratory and injunctive relief declaring the Mortgages, promissory notes, and other related instruments of Class members void and unenforceable;

C. Declaratory and injunctive relief rescinding and/or reforming the Mortgages, promissory notes, and other related instruments to conform to their reasonable expectations;

    D.      Awarding actual damages;

    E.      Awarding punitive damages;

    F.      Awarding attorney's fees costs to the Plaintiffs on each claim set forth above; and

    G.      Granting such other relief as the court deems just and equitable.

Plaintiffs hereby reserve the right to amend this Complaint to supplement or modify the factual obligations and claims contained herein, based upon information received from the defendants, witnesses, experts, and others in the course of discovery in this matter.

## DEMAND FOR TRIAL BY JURY

Plaintiffs respectfully demand a trial by jury on all issues in the within action so triable.

## DESIGNATION OF TRIAL COUNSEL

JONATHAN MINKOVE is hereby designated as trial counsel on behalf of plaintiffs.

## CERTIFICATION OF NO OTHER ACTIONS OR PARTIES

I hereby certify that there are no other parties known to me at this time who should be joined as parties to this action aside from members of the expanding class as defined above.

## DEMAND FOR PRODUCTION OF INSURANCE AGREEMENTS

Demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment.

If so, please attach a copy of each, or in the alternative state, under oath and certification: (A) policy number; (b) name and address of insurer; (c) inception and expiration date; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damage

limits; and (g) medical payment limits.

DATED: October 19, 2010

                                        FRISCIA & ASSOCIATES, LLC
                                        *Attorneys for Plaintiff*

                            **By:** _____
                                        LAWRENCE FRISCIA, Esq.
                                        **For the Firm**

                            **By:** _____
                                        JONATHAN MINKOVE, Esq.
                                        **For the Firm**